**ALTSCHUL, as Taxpayer, etc v SPRINGFIELD (city) et**

Ohio Common Pleas, Clark Co

No 30360. Decided May 13, 1933

George B. Smith, Springfield, and Justin A. Altschul, Springfield, for plaintiff.

Malcolm E. Spencer, Springfield, E. F. McKee, Springfield, and Frank L. Nevius, Springfield, for defendants.

DAVIS, J.

The court does not feel that a lengthy opinion or an extended review of the many court decisions is necessary in these cases.

Going directly to the only important question involved, we find that it arises by virtue of §4328 GC, which pertains to the awarding of public contracts by municipalities and which provides, among other things, that in expenditures for public improvements of the nature we are now considering, the proper public official "shall make a written contract with the lowest and best bidder after advertisement, * * *"

Cases of this nature would never reach the courts if it were not for the use of the two words "and best" in this statute, for it is always very easy to determine who is the lowest bidder, but sometimes very difficult to decide who is the "lowest and best."

However, the duty and complete responsibility for making this determination rests not only primarily but finally, solely, upon the city administration and cannot be shifted back and forth between it and the courts. Under certain conditions courts will interfere and forbid the performance of some contracts of this nature, but those conditons are well recognized and clearly defined by the higher courts, and cannot be the arbitrary opinion or personal inclinations of the trial court unless the evidence is sufficient to justify or require such a finding.

There are many court decisions to this effect, but the court will only stop long enough to quote briefly, from the following:

In **Scott v Hamilton, 19 O.C.D., 652,** we find the court declaring that:

"The provision of the statute does not require that the award be made to the lowest bidder, and where the action of the board in awarding the contract is free from fraud, its discretion cannot be controlled."

Again, in **Miller v Witter, 25 O.N.P. (N.S.) 255,** the court says:

"A director of public service of a city in the awarding of a contract has a broad dis-

cretion in determining who is the lowest and best bidder, and unless he has so abused his discretion as to amount to a fraud upon the public whom he serves, the court will not interfere with his action."

And again in **Akron v Zeisloft, 22 O.N.P. (N.S.) 533:**

"In the absence of a claim of fraud or lack of good faith upon the part of the service director of a chartered city, his discretion in determining who is the lowest and best bidder and awarding the contract in accordance with such determination will not be interfered with by the courts."

There are now two cases before this court, one involving the awarding of the contract for what has been designated as Section B of the sewer involved in this litigation, and the other for what is known as Section E of the same sewer.

The evidence discloses, in brief, that The Cogito Construction Company, tendered the low dollar bid for Section B in the sum of $38,712.05, and that the defendant, Caffrey, Griffin and Bahin, tendered the next lowest dollar bid in the sum of $42,476.30; that there were three other bidders who tendered higher bids for this same contract, the highest of which was $47,335.90.

It is also to be noted that the estimate of the city engineer for this part of the work was in the sum of $48,181.50.

For the Section E portion of the sewer, The Cogito Construction Company tendered the lowest dollar bid in the sum of $17,137.60. The defendant, Caffrey, Griffin and Bahin, tendered the next lowest bid in the sum of $17,488.75. There were three other higher bidders for this work, the highest of which was $20,460.50. The engineer's estimate was in the sum of $22,250.00.

A great deal of evidence was offered by both parties in an effort to show that these two respective bidders were competent and fully equipped to perform this work. The result of all this part of the evidence has been to convince this court that each of these bidders were financially responsible and by experience and equipment fully competent to undertake and complete a sewer construction of the type involved.

The only contention of the plaintiff, which has impressed this court seriously, is that The Cogito Construction Company, should have been awarded the contracts for the reason that it tendered the low dollar bid, in each instance.

On the other hand, the defendant, the City of Springfield, contends that it had had other satisfactory business relations with the defendant, Caffrey, Griffin and Bahin, and that it was attempting to pursue, as far as practicable, the policy of awarding contracts to local contractors, and upon this point it is noticed that the defendant, Caffrey, Griffin and Bahin, was the lowest bidder of the four local contractors who tendered bids in each of these instances.

In ordinary times the desire to award contracts to local firms is not given as great attention as it has been receiving during the economic depression of the last two or three years, but during that time it seems to have become a matter which has received a great deal of attention and approval by the public generally.

Two other questions were presented during these hearings and urged rather vigorously, viz., the question of the sufficiency of the bond which accompanied the bid of Caffrey, Griffin and Bahin, and the alleged failure of The Cogito Construction Company to interview the railroad engineers before tendering their bids.

This court does not consider that either of these questions can control or change the final determination of this matter, upon its merits.

After a consideration of all the evidence submitted in these two cases, the court has reached the conclusion that the plaintiff has failed to submit evidence of the nature and weight which would require or even justify this court in disturbing the exercise of the power vested in the city administration to award its public contracts to those who, in its opinion, are the lowest and best bidders, and the record does not disclose any evidence which would support a finding that the city had not exercised its discretionary power in a sincere and conscientious manner.

So far as the record discloses, there is no evidence tending to show any fraud, collusion or bad faith between the defendants, the City of Springfield, and the successful bidder, Caffrey, Griffin and Bahin.

Under these conditions this court cannot arbitrarily usurp the powers and duties of the city administration nor undertake to engage in the awarding of contracts, but must let the exercise of this discretion and the responsibility for it rest where the law places it.

For these reasons the prayer of the plaintiff for a permanent injunction will be denied in each case.